UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **08-22293-CIV-MORENO**

MAXO PETIT-HOMME and GEORGETTE PETIT-HOMME,

    Plaintiffs,

vs.

LITTON LOAN SERVICING LP and BANKERS EXPRESS MORTGAGE, INC.,

    Defendants.
_____/



## ORDER GRANTING MOTION TO DISMISS

Plaintiffs Maxo and Georgette Petit-Homme applied for a mortgage loan with Defendants Litton Loan Servicing LP and Bankers Express Mortgage, Inc. Plaintiffs allege that Defendants, while facilitating the loan transaction, fraudulently increased and grossly overstated Plaintiffs' income qualifying Plaintiffs for a higher loan than their income could support. Thus, Plaintiffs filed the instant five-count Complaint seeking damages and rescission of the mortgage. Plaintiffs allege claims for (1) violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2604, *et seq.* ("RESPA"); (2) violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"); (3) violations of the Florida Deceptive and Unfair Trade Practices Act, FLA. STAT. § 501.201, *et seq.* ("FDUTPA"); (4) fraud; and (5) rescission.

On October 29, 2008, a default final judgment was entered against Defendant Bankers Express Mortgage, Inc. for failure to respond to the Complaint, leaving Defendant Litton Loan Servicing LP as the sole defendant. Defendant Litton Loan Servicing LP moved to dismiss the Complaint. For the reasons stated below, Plaintiffs' Complaint is dismissed.

In ruling on a motion to dismiss, the Court must limit its consideration to the pleadings and any exhibits attached to the pleadings. *GSW, Inc. v. Long County, Ga.,* 999 F.2d 1508, 1510 (11th Cir. 1993). The Court must view the complaint in the light most favorable to the Plaintiff. *Cannon v. Macon County,* 1 F.3d 1558, 1565 (11th Cir. 1993).

Plaintiffs' Complaint sets forth five claims (two federal claims and three state claims) against Defendants relating to the mortgage loan Plaintiffs obtained in December of 2006. Plaintiffs allege federal question jurisdiction under 28 U.S.C. § 1331.

Count I is for a violation of RESPA and HUD's Regulation X, 24 C.F.R. § 3500, based upon an alleged failure to (a) provide a good faith estimate within 3 days of the loan application, (b) provide a good faith estimate disclosing the yield spread premium, and (c) failure to provide notice of change of service upon assignment of the loan. Plaintiffs seek damages, as well as attorneys' fees and costs. Count I, however, fails as a matter of law. First, "there is no private civil action for a violation of 12 U.S.C. § 2604 or any regulations related to it," so Plaintiffs claims of failure to provide a food faith estimate within 3 days and failure to provide a good faith estimate disclosing the yield spread premium must fail. *Collins v. FMHA-USDA,* 105 F.3d 1366, 1368 (11th Cir. 1997). Second, Plaintiffs have failed to allege damages from the failure to provide notice of change of service. *See Spencer v. Hutchins,* 471 F. Supp. 2d 548, 554 (M.D.N.C. 2006). Plaintiffs allege damages of "unnecessarily high settlement charges" which were incurred at the loan closing, before servicing or transfer of the loan. As such, the alleged damages are unrelated to any failure to provide notice of change of service. Count I is therefore dismissed with prejudice.

Count II is for a violation of TILA, based upon allegations that the truth-in-lending disclosure statement failed to disclose (a) the annual percentage rate for the loan, (b) the finance charges for the loan, (c) the amount financed, (d) the total payments, and (e) the payment schedule. Defendants also allegedly artificially inflated Plaintiffs' gross income to qualify for a higher loan, failed to deliver a HUD settlement statement within 24 hours of closing, and failed to disclose other expenses at the time of closing. Plaintiffs seek rescission of the loan, as well as damages, attorneys' fees, and costs. Count II, however, also must be dismissed. First, although TILA allows rescission in some cases, rescission is not available for a residential mortgage transaction like Plaintiffs. *See* 15 U.S.C. § 1635(e)(1); 12 C.F.R. § 226.23(f). Second, although TILA allows for recovery of damages under 15 U.S.C. § 1640(a)(1), Plaintiffs' claim for damages under TILA is time-barred. *See Turner v. Beneficial Finance Corp.*, 242 F.3d 1023, 1026 (11th Cir. 2001) (*en banc*). Plaintiffs had one year from the date of closing (December 8, 2006) to file their TILA claim, but they did not file suit until August 15, 2008. *See In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984) (citing 15 U.S.C. § 1640(e)). This is one of those cases where a statute of limitations bar is "apparent from the face of the complaint" on a motion to dismiss. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

Counts III (for violation of FDUTPA), IV (for fraud under Florida law), and V (for rescission under Florida law) are claims under state law. Having dismissed the two federal claims, and given that Plaintiffs have not asserted diversity jurisdiction, I decline to exercise supplemental jurisdiction over Counts III, IV and V. *See* 28 U.S.C. § 1367(c)(3). Therefore, it is

**ADJUDGED** that Defendant Litton Loan Servicing LP's Motion to Dismiss or, Alternatively, for More Definite Statement (D.E. No. 4), is GRANTED and Plaintiffs' Complaint

is DISMISSED. The Clerk of Court shall mark this case as CLOSED and DENY all pending motions as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th day of March, 2009.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record